484

Submitted October 25, affirmed November 30, 2016

CLINTON CONDOMINIUMS
OWNERS ASSOCIATION,
*Plaintiff-Appellant,*
*v.*

TRUCK INSURANCE EXCHANGE,
*Defendant-Respondent.*

Multnomah County Circuit Court
14CV10123; A159331

385 P3d 1279

Christopher M. Tingey, T. Beau Ellis, and Vial Fotheringham LLP filed the brief for appellant.

Francis J. Maloney, Janis C. Puracal, and Maloney Lauersdorf Reiner PC filed the brief for respondent.

Before Sercombe, Presiding Judge, and Flynn, Judge, and DeHoog, Judge.

**SERCOMBE, P. J.**

Plaintiff, Clinton Condominiums Owners Association (the Association), appeals the trial court's grant of summary judgment in favor of defendant, Truck Insurance Exchange.

The case arose out of the following circumstances. In a lawsuit that preceded this case, the Association brought claims for negligence and breach of contract against We Do Windows, Inc., a window washing company that the Association had hired to work at its condominium building. We Do Windows tendered those claims to its insurer, defendant, to defend and indemnify it. Defendant denied the tender. At some point, the Association and We Do Windows entered into a settlement and, as part of that settlement, We Do Windows assigned its claims against defendant to the Association. Thereafter, the Association, as assignee of We Do Window's rights and claims, filed this action against defendant for breach of contract and breach of the covenant of good faith and fair dealing. However, the policies under which defendant issued insurance to We Do Windows contain antiassignment clauses, which provide that We Do Windows cannot assign any rights or claims under the policy without defendant's consent.

Defendant filed a motion for summary judgment, asserting that the Association had no standing to bring its claims because the antiassignment clauses "provide that We Do Windows' 'rights and duties under this policy may not be transferred without [defendant's] written consent,'" and defendant never provided such consent. The Association argued that, regardless of the text of the policies, ORS 31.825 made the antiassignment clauses "invalid and unenforceable."[1] The trial court agreed with defendant and granted the motion for summary judgment, determining that the antiassignment clauses were "clear, unambiguous, valid and enforceable," and further, that they were not "rendered

---

[1] ORS 31.825 provides:

"A defendant in a tort action against whom a judgment has been rendered may assign any cause of action that defendant has against the defendant's insurer as a result of the judgment to the plaintiff in whose favor the judgment has been entered. That assignment and any release or covenant given for the assignment shall not extinguish the cause of action against the insurer unless the assignment specifically so provides."

unenforceable by ORS 31.825." Accordingly, the court concluded that the Association lacked "standing to assert its claims against Defendant."

On appeal, the Association again asserts that the antiassignment "provisions within the * * * insurance policies are invalidated by * * * ORS 31.825." Defendant responds that the Association's argument is "untenable in light of the Oregon Supreme Court's recent ruling" in *Brownstone Homes Condo. Assn. v. Brownstone Forest Hts.*, 358 Or 223, 363 P3d 467 (2015). We agree that *Brownstone* controls the outcome in this case.

In that case, the court considered the types of actions to which ORS 31.825 applies. It observed that ORS 31.825, by its plain text,

> "limits the defendant's power to assign causes of action 'that the defendant has against the defendant's insurer *as a result of the judgment.*' The cause of action that may be assigned is one that 'result[s]' from the judgment, which again suggests a particular sequence and a particular type of claims. If, for example, an insurer refused in bad faith to settle within the applicable policy limits, leading to a judgment against the insured in excess of the policy limits, such a claim could be said to be 'as a result of a judgment.'"

*Id.* at 233 (emphasis and brackets in original). The court then examined the legislative history underlying the statute, which it concluded "dispel[led] any doubt about what the legislature intended by enacting ORS 31.825." *Id.* at 236. That is, the legislature

> "intended to allow insured defendants to assign a specific type of claim against their insurer—claims that the insurer's negligent or bad faith failure to settle within policy limits had resulted in an 'excess judgment'—to the plaintiff, in exchange for a covenant not to execute against the defendant, without extinguishing the underlying liability. And it intended to permit that outcome only when the excess judgment is in place *before* the assignment is given."

*Id.* (emphasis in original). Because the claims at issue in *Brownstone* were directed at the insurer's asserted breach of a contractual duty to defend and indemnify the insured, the

claims did not "'result' in any direct sense from a judgment." *Id.* at 233.

As defendant in this case points out, contrary to the Association's contention, ORS 31.825 relates to the assignment of claims that arise from a judgment against the insured, "not from the underlying insurance policy." In other words, as the *Brownstone* court explained, ORS 31.825 is directed toward allowing an insured to assign excess judgment claims. It does not apply to the types of claims at issue in this case. The trial court correctly rejected the Association's contention that the statute rendered the anti-assignment clauses in the insurance policies in this case unenforceable and invalid. Thus, the court did not err in granting defendant's motion for summary judgment on the ground that the Association did not have standing.

Affirmed.